D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ROBERT AMIL and IVON TEPIZILA,

        Plaintiffs,

  v.

ARCHWAY ON PEARL, INC. (D/B/A
ARCHWAY CAFE), ARCHWAY ON WATER
CORP. (D/B/A LOVE & DOUGH), and
ARTHUR (A.K.A. ARTUR) HASANI,

        Defendants.

------------------------------------------------------------x

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiffs Robert Amil and Ivon Tepizila ("Plaintiffs"), by and through their attorneys, Joseph & Kirschenbaum LLP, upon their knowledge and belief, and as against Archway on Pearl, Inc. (d/b/a Archway Cafe), Archway On Water Corp. (d/b/a Love & Dough) (the "Corporate Defendants" or the "Restaurants"), and Arthur (a.k.a. Artur) Hasani (collectively "Defendants"), allege as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment

and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

5. Defendants own, operate, or control a cafeteria, located at 57B Pearl St. Brooklyn, NY 11201 under the name "Archway Cafe" and a pizzeria located at 57C Pearl St., Brooklyn, NY 11201 under the name "Love & Dough."

6. Arthur (a.k.a. Artur) Hasani, serves or served as owner, manager, principal, or agents of the Defendant Corporations and, through these corporate entities, operates or operated the Cafeteria and the pizzeria as a joint or unified enterprise.

7. The Corporate Defendants have an annual gross volume of sales in excess of

$500,000.

8. Mr. Hasani has actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at the Restaurants.

9. Plaintiffs are former employees of Defendants Archway on Pearl, Inc. (d/b/a Archway Cafe), Archway On Water Corp. (d/b/a Love & Dough), and Arthur (a.k.a. Artur) Hasani.

10. Plaintiff Amil was employed by Defendants as a waiter from approximately December 2015 until September 2019.

11. Plaintiff Tepizila was employed by Defendants as a waiter from approximately July 2018 until September 2019.

## FACTS

12. Plaintiff Amil was employed at both Archway Café and Love and Dough.

13. Archway Café and Love and Dough restaurants are right next door to each other.

14. Plaintiff was informed by Defendant Hasani and Defendant Hasani's management employees as to which of the locations he would be working at each day.

15. There were other individuals who worked at both Archway Café and Love and Dough at the same time.

16. For example, both restaurants often used the same employees for deliveries.

17. Throughout the duration of his employment with Defendants, Plaintiff Amil was paid an hourly rate of $6 or $7 an hour by Defendants.

18. Throughout the duration of her employment with Defendants, Plaintiff Tepizila was paid an hourly rate of $6 or $7 an hour by Defendants.

19. This hourly rate was at all times lower than the New York State minimum wage

3

rate in effect at the time of Plaintiffs' employment.

20. In fact, it was even lower that hourly rate was even lower than the "tip credit" minimum wage allowed under the FLSA and NYLL.

21. In any event, Defendants could not utilize the tip credits set forth under the FLSA and New York Labor Law because they did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

22. Defendants were not entitled to pay Plaintiff under the lower minimum wage applicable to food service workers because they did not notify him in writing at the beginning of his employment and at the beginning of each year that the minimum wage changed by (a) explaining the full minimum wage, and (b) explaining that they intended to take a specific tip credit as required under NYLL § 195(1).

23. In addition, Defendants were not entitled to pay Plaintiff the tip credit minimum wage for the many shifts during which Plaintiff spent more than 20% of his time performing non-tipped side-work.

24. Plaintiff Amil worked in excess of 40 hours in a week during almost each week of his employment with Defendants.

25. On a few occasions, Plaintiff Tepizila worked in excess of 40 hours in a week as well.

26. On these occasions, Defendants simply paid Plaintiffs the same $6 or $7 per hour for each hour they worked in excess of 40 in a week.

27. Defendants never provided Plaintiffs any overtime premiums for hours they worked in excess of 40 in a week.

28. Plaintiff Amil generally worked five days a week.

29. Plaintiff Amil's shifts usually started between 11 a.m. and 12 p.m. and usually concluded between 10 p.m. and 11:30 p.m.

30. Plaintiff Tepizila generally worked two or three days a week.

31. Plaintiff Tepizila shifts usually started between 11 a.m. and 12 p.m. and usually concluded between 10 p.m. and 11:30 p.m.

32. Plaintiffs earned tips at Defendants' restaurants.

33. During almost every week that Plaintiffs worked for Defendants, Defendants took portions of Plaintiffs' tips.

34. Defendants also did not pay Plaintiff the spread of hours compensation for shifts spanning 10 or more hours.

35. Defendants also never provided Plaintiffs with wage statements with their pay.

36. In fact, Defendants forced Plaintiffs to sign a form each week that stated that Plaintiffs were paid properly.

37. The information on these forms was patently false. However, Plaintiffs feared they would lose their job if they did not sign the forms.

38. Defendants committed the foregoing acts willfully and against Plaintiffs.

## FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

41. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

42. Plaintiffs seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

45. Throughout the statute of limitations period covered by these claims, Plaintiffs worked in excess of forty (40) hours per workweek.

46. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiffs have been and are entitled to overtime.

47. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable

relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act Violations, New York Labor Law § 650 *et seq.***

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants knowingly paid Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

45. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

46. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
**New York Overtime Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011)**

47. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

49. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

50. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**New York Spread of Hours Violations**
**New York Minimum Wage Act, N.Y. Stat. § 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (2016)**

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52. Throughout the relevant period, Plaintiffs regularly worked double shifts that spanned over ten hours in a day.

53. Defendants did not keep accurate records of all of Plaintiffs' hours.

54. Defendants did not pay Plaintiffs the required "spread of hours" compensation when required by New York Labor Law.

55. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b**

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants willfully retained and continue to retain portions of Plaintiffs' tips.

45. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### New York Notice Requirements Violations, N.Y. Lab. L. §§ 195, 198

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195(1) and 195(3).

48. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as the Representatives of the Class;

F.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.  An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and liquidated damages, to be paid by Defendants;

H.  Penalties available under applicable laws;

I.  Costs of action incurred herein, including expert fees;

J.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

K.  Pre-judgment and post-judgment interest, as provided by law; and

L.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated: New York, New York  
October 28, 2019

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

By: _/s/ D. Maimon Kirschenbaum_  
D. Maimon Kirschenbaum  
Josef Nussbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.